PAUL W. REIDL (State Bar No. 155221)
Law Office of Paul W. Reidl
3300 Wycliffe Drive
Modesto, CA 95355
Telephone:  (209) 526-1586
Email: reidl@sbcglobal.net

*Attorney for Defendant Liquid Brands, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONE TRUE VINE**, LLC,<br><br>a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>**LIQUID BRANDS, LLC**,<br><br>a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 3:10-cv-4102-BZ<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Magistrate Judge:  Hon. Bernard Zimmerman<br><br>Date:     December 15, 2010<br><br>Time:    10:00 a.m.<br><br>Courtroom: G, 15th Floor (San Francisco) |

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION ------------------------------------------------------------------------------- 4

CONCISE STATEMENT OF RELIEF SOUGHT ------------------------------------------------- 4

MEMORANDUM OF POINTS AND AUTHORITIES ----------------------------------------- 4

I. INTRODUCTION --------------------------------------------------------------------------- 4

II. STATEMENT OF ISSUES TO BE DECIDED ------------------------------------------- 5

III. STATEMENT OF RELEVANT FACTS -------------------------------------------------- 5

IV. ARGUMENT ---------------------------------------------------------------------------------- 7

    A. THERE IS NO GENERAL PERSONAL JURISDICTION BECAUSE THE DEFENDANT HAS NO CONTACTS WITH THIS FORUM. -------------------- 7

    B. THERE IS NO SPECIFIC PERSONAL JURISDICTION BECAUSE DEFENDANT HAS NO T EXPRESSLY AIMED ITS ACTS AT THIS FORUM. --------------- 8

        1. Defendant Has Not Purposefully Directed its Activities at This Forum -- 9

            a. Intentional Act ------------------------------------------------------ 9

            b. Express Aiming at the Forum ----------------------------------- 9

            c. There is no Foreseeable Injury in the Forum ---------------- 14

        2. The Claim Does Not Relate to Defendant's Forum-Related Activities --- 14

        3. The Exercise of Jurisdiction in This Case Would Be Unreasonable ------- 14

V. CONCLUSION ----------------------------------------------------------------------------- 15

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 (9th Cir. 2000) -------------- 8

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2006) ------------------------------------------ 8

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ----------------- 9-12

*Calder v. Jones*, 465 U.S. 783 (1984)-------------------------------------------------------- 8-9

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) --------------------------- 11,15

*Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408 (1984) ---------------------- 7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) --------------------------------- 7-8

*Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316 (9th Cir.1998) --------------------------- 7

*Pebble Beach Co. v. Caddy*, 453 F.3d. 1151 (9th Cir. 2006) --------------------------------- 11

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 2004) ---------------------- 9-13

*Traffix Devices, Inc. v. Markettingdisplays, Inc.,* 532 U.S. 23 (2001) ---------------------- 12

### RULES

Fed. R. Civ. P. 4(k)(1)(A) ------------------------------------------------------------------ 7

Cal. Civ. Proc. Code § 410.10 -------------------------------------------------------------- 7

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that on December 15, 2010 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Magistrate Bernard Zimmerman, in Courtroom G, 15th Floor, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Liquid Brands, LLC ("Liquid Brands"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 12 (b)(2) for an Order dismissing One True Vine LLC's Complaint against Liquid Brands for lack of personal jurisdiction.

This Motion is based on the Memorandum of Points and Authorities herein, the Declaration filed concurrently herewith, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

This Motion seeks an Order dismissing the case for lack of personal jurisdiction.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This is a trade dress infringement and false advertising case. The Plaintiff claims that the Defendant intentionally copied its trade dress and that Defendant makes a false statement on its web site. The Defendant vigorously denies these allegations, but brings this motion because this Court has no personal jurisdiction over it. The Plaintiff resides in this District; the Defendant in Massachusetts. The Defendant is a one-employee family owned company that does not do business in California. Its wines are not sold here; no consumers will be confused here. If the Court found personal jurisdiction in this case, then any plaintiff in a trade dress or false advertising case located in this District could force a defendant to defend itself here simply because the conduct is alleged to be

intentional and the plaintiff resides here. The proper exercise of personal jurisdiction requires "something more" than that.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Court has general jurisdiction over Defendant.

2. Whether this Court has specific jurisdiction over Defendant.

## III.  STATEMENT OF RELEVANT FACTS

Defendant is a small, family-owned importer and marketer of wines located in a small town Southeast of Boston, Massachusetts. (Declaration of Greg Crone ¶ 1)("Crone Decl"). Its co-owner is the only employee. (*Id.* ¶ 3). In 2009, Defendant developed a wine called CIGAR BOX. (*Id.* ¶ 7). The wine is sold in a generic Bordeaux wine bottle with a generic white label and features the trademark "Cigar Box" and the design of a cigar box. (*Id.* and Exhibit 1). The label design follows the common style of putting the brand name at the top of the label, the logo in the middle of the label, and the mandatory information about the wine (type, style, varietal, geographic origination) at the bottom of the label. (*Id.* ¶15). At the time Defendant adopted the CIGAR BOX and Cigar Box design label, it did not know that Plaintiff resided in this District. (*Id.* ¶ 11).

Plaintiff sells a wine called LAYER CAKE. (Complaint ¶ 10). The wine is also sold in a generic Bordeaux-style bottle. The label for the LAYER CAKE wine is also white but it contains the trademark "LAYER CAKE" and the design of a cake. (Crone Decl., Exhibit 1). The label design also follows the common style of putting the brand name at the top of the label, the logo in the middle of the label, and the mandatory information about the wine at the bottom of the label.

The Plaintiff acknowledges that the two labels have different trademarks and designs (Complaint ¶¶ 10, 12) but nonetheless claims that they are "almost identical" (*Id.* ¶ 12) and that Defendant's CIGAR BOX and cigar box design label is a deliberate and intentional copy of

Plaintiff's LAYER CAKE and layer cake design label and trade dress (*Id.* ¶¶ 17, 24, 37). Plaintiff further alleges that prospective wholesalers, distributors, retailers, and purchasers of Defendant's CIGAR BOX wine will confuse it with Plaintiff's LAYER CAKE wine. (*Id.* ¶ 16). Plaintiff also asserts that the Defendant's web site falsely states that the grapes used for its wines are "hand harvested." (*Id.* ¶ 18). From these facts the Plaintiff asserts various causes of action for consumer confusion, false advertising and unfair competition under Federal and State law.[1]

Curiously, the Plaintiff did not illustrate the allegedly "almost identical" labels by including photographs in the Complaint. These are included for the Court's convenience in Exhibit 1 to the Crone Declaration.

The Defendant has no contacts with California at all, let alone with this District. Defendant sells its wine primarily in the Northeastern United States. (*Id.* ¶ 4). It does not sell wine west of the Rocky Mountains. (*Id.*). It does not have an office in California. (*Id.* ¶ 8.) It does not have any employees in California. (*Id.* ¶ 8). It does not sell or promote wine in California. (*Id.* ¶¶ 4, 10). It does not have a distributor for its wine in California. (*Id.* ¶ 8). It has not investigated the State regulatory requirements for selling wine in California. (*Id.*) It has no intention of selling wines in California. (*Id.*). It has a web site but does not sell wine over it. (*Id.* ¶ 5). Its CIGAR BOX wines do not originate in California. (*Id.* ¶ 6). No retailer in California stocks Defendant's wines. (*Id.* ¶ 9). It follows that no consumer, wholesaler or retailer in California or this District has had an opportunity to be confused in the manner alleged by Plaintiff because the wine is not sold here. (*Id.* ¶ 10).

//

---

[1] The Plaintiff also alleges that Defendant has engaged in other acts allegedly intended to enhance the effects of the trade dress infringement. These include selling the same kinds of varietal wine, using the same kinds of wine bottles, using the term "Reserve", selling wine at a lower price than Plaintiff, and selling multiple varietals under the same label. (Complaint ¶¶ 13, 14, 18, 24). Each of these acts is perfectly proper, but the Complaint makes them sound sinister and unlawful by juxtaposing them with the allegation of trade dress infringement. Absent the trade dress allegation, however, the Defendant is merely alleged to be engaging in lawful competition.

1  Plaintiff asserts two bases for personal jurisdiction: (a) because of Defendant's alleged
2  presence and activities in this District (Complaint ¶ 6), and (b) because the alleged conduct was
3  intentionally directed at Plaintiff who resides in this District (*Id.* ¶ 7).

4  **IV.  ARGUMENT**

5  Where, as here, there is no applicable Federal statute governing personal jurisdiction, the
6  Court must apply the State of California's. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v.*
7  *Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Because California's long-arm jurisdictional statute is
8  coextensive with Federal due process requirements, the jurisdictional analyses under State and
9  Federal law are the same. *See Panavision,* 141 F.3d at 1320 (citing Cal. Civ. Proc. Code § 410.10).

10  Personal jurisdiction over a non-resident defendant exists only if the defendant had "certain
11  minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional
12  notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310,
13  316 (1945)(quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).  These contacts can give rise to
14  two types of jurisdiction:  "general jurisdiction" (where the defendant's contacts with the forum are
15  so extensive that the defendant is a de facto resident) and "specific jurisdiction" (where the
16  defendant's contacts with the forum in the specific transaction are sufficient to satisfy due process.)
17  Neither type of jurisdiction exists here because the Defendant has no contacts at all with this forum.

18  **A.  THERE IS NO GENERAL PERSONAL JURISDICTION BECAUSE THE**
19  **DEFENDANT HAS NO CONTACTS WITH THIS FORUM.**

20  A non-resident defendant is subject to general personal jurisdiction when it has "continuous
21  and systematic general business contacts" with the forum State. *Helicopteros Nacionales de*
22  *Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984).  The standard for asserting general jurisdiction is
23  //
24

high: there must be enough commercial activity such that there is a de facto "physical presence" in the forum. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

This Court has no general personal jurisdiction over the Defendant because it has no presence whatsoever in California or this District: no office, no employees, no distributor, no retailers, no sales, nothing. Defendant is a small company in Massachusetts that sells primarily in the Northeastern United States. Although Defendant operates a web site, it is accessible to residents of California and this District in the same way that it is accessible to anyone in the world. It is a "passive" web site, i.e., one that does not sell goods or services to consumers. The existence of a web site alone is insufficient to constitute the de facto physical presence required to confer general personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 n.2 (9th Cir. 2006).

**B. THERE IS NO SPECIFIC PERSONAL JURISDICTION BECAUSE DEFENDANT HAS NOT EXPRESSLY AIMED ITS ACTS AT THIS FORUM.**

The Court may exercise jurisdiction over a non-resident even in the absence of general jurisdiction if it finds the existence of specific jurisdiction. The Constitutional standard is the same as for general jurisdiction: it is fair and reasonable to require the defendant to stand in the State's courts to answer the plaintiff's claims? *International Shoe,* 326 U.S. at 317. The due process clause does not permit jurisdiction to be based on random, fortuitous or attenuated contacts with the forum. *Calder v. Jones,* 465 U.S. 783, 789-790 (1984). The Ninth Circuit applies a three part test for determining specific jurisdiction:

> 1. the non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    Case No. 3:10-cv-4102-BZ

|   |   |   |
|---|---|---|
| 1 | 2. | the claim must be one which arises out of or relates to defendant's forum-related activities; and |
| 2 |   |   |
| 3 | 3. | the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be is reasonable. |

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)*(quoting Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)(emphasis added)).

### 1. Defendant Has Not Purposefully Directed its Activities at This Forum

The Ninth Circuit applies the three-part "effects" test articulated in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) for determining the existence of purposeful direction. Therein, the Court required: (1) an intentional act, (2) that was expressly aimed at the forum, and (3) that causes injury that the Defendant knows is likely to be suffered in the forum state. *Schwarzenegger,* 374 F.3d at 803. Each element of the *Calder* test is considered below.

#### a. Intentional Act

Defendant concedes that the first element of the *Calder* test is satisfied because the Ninth Circuit construes "intent" in this context as an intention to perform a physical act not as an intent to accomplish a specific result of that act. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128-1129 (9th Cir. 2010). Defendant's adoption of its trade dress and posting content on its web site was "intentional" by that measure.

#### b. Express Aiming at the Forum

Since Defendant has no business contacts with the forum, the sole question with respect to the second element of the *Calder* test is whether the Defendant "expressly aimed" its conduct at the forum. This requires more than mere foreseeability that the Plaintiff would suffer injury; rather, the intentional conduct must be specifically aimed *at the forum itself*. There must be "something more" than mere injury to the Plaintiff who resides in the forum. S*chwarzenegger,* 374 F.3d at 805.

Page 9
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION     Case No. 3:10-cv-4102-BZ

Two Ninth Circuit decisions illustrate the "something more" requirement. In *Schwarzenegger,* a car dealer in Ohio intentionally used Mr. Schwarzenegger's likeness and image in an advertisement, thereby intentionally infringing his intellectual property rights. The advertisement was not run in California. The Defendant knew that Mr. Schwarzenegger resided in California. The act of using his likeness and image without his permission caused him harm and injury. He suffered that injury in the forum because that is where he resided. That harm was personal to him; no one else would be injured. The Ninth Circuit held that this was not enough to establish that the conduct was "expressly aimed" *at the forum*. *Schwarzenegger,* 374 F.3d at 807. The Court found that the conduct was aimed at Ohio because that is where the advertisement ran.

By contrast, in the case of *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) the Court found "something more." Both parties were law firms in California. Plaintiff was the premier elder care law firm in the State located in Northern California. The Defendant was located in Southern California and had: (a) copied verbatim Plaintiff's elder care web site, (b) knowing that Plaintiff was a resident of the forum, (c) with the intention of expanding into elder care law by competing directly with Plaintiff throughout California including in the forum, and (d) with the intention of confusing consumers throughout California and the Northern District. *Id.* at 1129-1130. Under these unique facts the Court found that the Defendant "expressly aimed" its conduct at the Northern District and consumers and a law firm located within it. The "something more" was the "plagiarizing" of the web site for the purpose of competing with the Plaintiff and confusing consumers *in California*. As the Court observed, this "was the [whole] point" of the wrongful conduct. *Id.* at 1130.

In this case, the *Calder* test is not even close to being met because the "something more" lacking in *Schwarzenegger* and found in *Brayton Purcell* does not exist. This is so for four reasons.

1. At the time it adopted the trade dress the Defendant did not know that Plaintiff was a resident of this forum. Thus, there is no basis for concluding that it specifically targeted or expressly aimed its conduct at the Plaintiff who it knew to reside in this forum.

2. The gravamen of Plaintiff's claim is that consumers are likely to be confused or deceived by the alleged conduct. (Complaint ¶¶ 16, 23, 27, 33, 41, 46). Plaintiff's claim of injury and damages is derived from this allegation: these consumers allegedly would have purchased Plaintiff's LAYER CAKE wine but purchased Defendant's lower-priced CIGAR BOX wine instead because they were duped. (Complaint ¶¶ 24, 28, 37, 42, 47). Under these allegations there is no express aiming at this forum because the Defendant does sell its wines in California. No consumers in this forum would be confused by Defendant's alleged conduct because they cannot buy the wine in this State. Any alleged injury and damage suffered by the Plaintiff due to confusion or deception occurs in the markets in which they compete such as Massachusetts, not markets such as California where they do not. Thus, like the conduct of the Ohio car dealer in *Schwarzenegger* Defendant's alleged conduct is plainly "aimed" elsewhere.

3. The Defendant's web site is a "passive" site in that it merely provides information. It is equally accessible to residents of every State in the United States. The Ninth Circuit has repeatedly held that such web sites do not satisfy the express aiming requirement of *Calder*. *Pebble Beach Co. v. Caddy*, 453 F.3d. 1151, 1153-54 (9th Cir. 2006); *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 420 (9th Cir. 1997). Thus, the Court has no jurisdiction over Plaintiff's false advertising claims (Claims 3-5) arising from the content of Defendant's web site.

4. The Defendant did not copy any protected elements of Plaintiff's trade dress. But assuming *arguendo* that it did, this is not a clear cut case of intentional infringement where the Court can infer that the Defendant's conduct must have been specifically directed at the Plaintiff and the

1  forum. The *Brayton Purcell* Court reasonably inferred express aiming from the "plagiarism" (i.e.
2  intentional copying) of the web site of a ***California*** law firm by a ***California*** law firm whose business
3  was in ***California*** could have been for no other purpose than to go after the business of ***the other***
4  ***California law firm*** in ***California*** and to confuse consumers in ***California***.

5  The present case is quite different in two respects. First, the Defendant is not located in
6  California and does not do business here. No California consumers will be confused by the allegedly
7  similar trade dress.

8  Second, trade dress is a very different form of intellectual property. Unlike a work protected
9  by copyright, a defendant has an absolute right to "copy" a plaintiff's trade dress and to compete
10  directly with it unless and until a plaintiff proves that it has protectable intellectual property rights in
11  the trade dress. As Justice Kennedy wrote for the unanimous Court in *Traffix Devices, Inc. v.*
12  *Markettingdisplays, Inc.,* 532 U.S. 23, 29 (2001):

13  > Trade dress protection must subsist with the recognition that
   > in many instances there is no prohibition against copying goods
14  > and products. In general, unless an intellectual property right such
   > as a patent or copyright protects an item, it will be subject to
15  > copying.

16  That's called competition and it is perfectly lawful.

17  The allegations in Plaintiff's Complaint must be considered in this context. The Complaint
18  pleads unregistered trade dress and contains the boilerplate language that is found in all such
19  complaints: the trade dress and labels are "almost identical" and the Defendant engaged in willful,
20  deliberate and intentional copying. But the Complaint itself is silent on ***precisely what protected***
21  ***intellectual property*** the Defendant allegedly copied. Tellingly, the Complaint discloses that ***the***
22  ***Defendant did not copy the two most important portions of the label: the trademarks and logos***
23  ***(CIGAR BOX and cigar box design v. LAYER CAKE and cake design).*** So the Complaint itself is
24

internally contradictory: on the one hand it alleges that the labels are "nearly identical" and on the other it pleads that there are two significant differences.[2]

Thus, in the context of trade dress law and this Complaint, the situation is very different from the kind of "targeting", "copying" and "plagiarism" that the Court found so compelling in *Brayton Purcell*. Plagiarizing a web site is *always* wrongful and by definition is targeted at the web site owner. And when you put those parties in the same state as competitors, as they were in *Brayton Purcell*, a court may infer that the "something more" required for express aiming exists. But a trade dress claim is a far more nebulous matter because a defendant has a right to copy trade dress that is not protectable. This Complaint is silent on precisely what is claimed by the Plaintiff as its protected intellectual property and the Complaint concedes that the Defendant ***did not copy the Plaintiff's trademark and logo*** – thereby negating its claim that the labels are "almost identical." And while Plaintiff points to a number of other things Defendant supposedly did in furtherance of the alleged scheme to knock-off the trade dress (*see* p.3 n.1 *supra*), each of these is lawful competitive conduct.

Accordingly, even crediting Plaintiff's Complaint as the Court must do on this motion, it cannot be concluded that "the [whole] point" of Defendant's adoption of its trade dress was to engage in intentionally unlawful conduct ***in California*** that specifically targeted the Plaintiff ***in California in an improper way***. The fact that the trademarks and logo are different speaks volumes about both Defendant's intention and the softness of Plaintiff's claims. At very best, the Complaint reflects an internally inconsistent allegation of "intentional" trade dress infringement that, as in *Schwarzenegger*, was directed at consumers in a forum other than this one.

---

[2] All of which begs the question: given the admitted differences in the trademark and logo, what exactly did the Defendant allegedly copy that is Plaintiff's protected intellectual property? A Bordeaux-style bottle? A white label? A commonly used label architecture? The combination of these three non-distinctive elements? The Court will not find the answer to those questions in the Complaint.

### c. There is no Foreseeable Injury in the Forum

There was no foreseeable injury in this forum for three reasons. First, Defendant did not know that Plaintiff resided here so it could not have foreseen that Plaintiff would be injured here. Second, the "harm" flowing from Defendant's alleged conduct is consumer confusion or deception. Because Defendant does not sell any of its wines here, no consumers will be confused or deceived here and any lost business due to consumer confusion or deception will be in jurisdictions other than this one. Finally, it was not foreseeable by Defendant that by adopting using a Bordeaux style bottle, a white label, a standard label format, a different trademark, and a different logo, that it would be causing injury to the Plaintiff or consumers anywhere – let alone in this forum. (Crone Decl. ¶ 17).

### 2. The Claim Does Not Relate to Defendant's Forum-Related Activities

The second element of the *Schwarzenegger* test is whether the claim arises out of or relates to Defendant's forum related activities. Since the Defendant has no forum-related activities this element cannot be met.

### 3. The Exercise of Jurisdiction in This Case Would Be Unreasonable

Defendant is a very small company: a one man shop whose sole office is 3,248 miles from the Court. (Crone Decl. ¶ 18). It has nothing to do with this State or this forum. The State has no interest in hearing this case because none of its consumers are potentially confused by Defendant's trade dress. The Defendant adopted a label with a different trademark and logo than the Plaintiff and used a standard white label, a standard Bordeaux bottle, and a standard label format. It did not plagiarize a web site; in fact, it is difficult to see what if anything it did wrong here in this forum. To require the Defendant to defend itself in this forum thousands of miles from its home would truly violate all notions of fair play and justice.

//

DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION   Case No. 3:10-cv-4102-BZ

When the Plaintiff first raised this issue in a telephone call with Defendant it boasted that "I've got the money and you don't" and bragged that it could afford the very best lawyers in California and essentially bankrupt the Defendant. (Crone Decl. ¶ 12). Perhaps that is true, but the Plaintiff should not be permitted to do it in this forum based on an attenuated assertion of specific personal jurisdiction. Holding that personal jurisdiction exists on these facts would be tantamount to saying that a plaintiff in a trademark or trade dress case who alleges intentional infringement always has jurisdiction in its home District. That is not and should never be the law. *Cf. Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 420 (9th Cir. 1997)(allowing personal jurisdiction at the home office of a trademark owner based on a passive web site "would not comport with traditional notions of what qualifies as purposeful invoking the benefits and protections of the forum state.")

## V. CONCLUSION

There is no basis for asserting general or specific jurisdiction in this forum. The Complaint should be dismissed.

Respectfully submitted,

**LAW OFFICE OF PAUL W. REIDL**

By: _____

Dated: October 7, 2010.

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
3300 Wycliffe Drive
Modesto, CA 95355
Telephone: (209) 526-1586
Facsimile: (209) 526-1586
Email: reidl@sbcglobal.net

*Attorney for Defendant Liquid Brands, LLC*

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Stanislaus, State of California. I am a member of the Bar of the above-entitled Court. My business address is 3300 Wycliffe Drive, Modesto, CA 95355.

On October 7, 2010, I served the following document (attached hereto):

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**(XX) VIA CM/ECF FILING SYSTEM.** The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Northern District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s) on October 7, 2010:

Richard K. Howell
rhowell@rutan.com
Natalie M. Gowin
ngowin@rutan.com
RUTAN & TUCKER LLP
611 Anton Boulevard
14th Floor
Costa Mesa, CA 92626

Executed on October 7, 2010, at Modesto, California.

/s/ Paul W. Reidl